May it please the court, Dennis Vavrosky for the appellant Albina. I'd like to try to reserve five minutes for rebuttal. This is an appeal under the Longshore Act. The decision to hold Albina the responsible employer was based on an error of law, now acknowledged as such by the solicitor. The solicitor will urge this court to set aside the BRB's application of the more likely than not test of evidence in a simultaneous rather than a sequential analysis. An analysis that is contrary to long established law in this circuit. It's important that this court avoid treating this as a simple substantial evidence case in declaring harmless error. There can be no harmless error when the original ALJ, Judge Mapes, twice found Lockheed responsible by applying the correct legal standard in responsibility cases based on both the sum evidence and the substantial evidence standard. Nor can the court hold it to be harmless error when if the correct legal standard had been applied, the case would never have been re-decided by Judge Berlin, who was granted the luxury of re-weighing the evidence and substituting his opinion for both of those of Judge Mapes. Nor can it be harmless error when by applying. Excuse me. The first two determinations were remanded not because a later ALJ came to a different decision. No. And the later ALJ wasn't handed the case and told, go paper it to reach the same result. He has it independently. Why isn't he entitled to sequence the decision making in the way that he finds most efficient? Because the BRB asked him to decide the case newly under an incorrect legal standard, which. Maybe you better focus on the incorrect legal standard. Yes. What was incorrect? The more likely than not test and by requiring each employer to simultaneously bear the burden of proof. What should the test have been instead of more likely than not? The test in this circuit had long been established that it's a sequential analysis. Well, Pete, you say the wrong standard. You said the standard used was more likely than not. What standard should have been used? That the most recent employer. So it isn't the standard that's wrong. It's the sequence that you're complaining about. Well, more likely than not has never been the standard. So what should be the standard? Excuse me. What should be the standard? Well, the standard should be whether the last employer has come forward with evidence. You use the term more likely than not. It sounds like it's a burden of proof kind of standard. Well, it's not my term, and I never used it. During the appeal, it was raised by Lockheed, and the solicitor decided that it would go with that standard, and they urged the BRB to adopt more likely than not in a simultaneous In looking at the various employers who might be responsible for the workers' damages? Yes, and the solicitor changed its mind and filed in this court a supplemental brief this last February and reversed itself and urges this court to set aside the BRB's requirement of a simultaneous analysis and who is to be determined more likely than not to be a responsible employer. Right. So let me ask you this, just practically speaking. What's the advantage of doing it sequentially? Well, I'm kind of going to leave that to Mr. Joyner with the solicitor's office because Well, you're involved in this kind of litigation all the time, aren't you? Yes. And you have some sense as a practitioner about how this all works, right? Exactly. And if you're last in line So I'm asking you to share with me your knowledge and experience. Well, if you're last in line, you've got a very big burden to show that there was no exposure. And we've all lived with that for decades. And now all of a sudden, it's, no, it's a simultaneous analysis, and you have to prove who's liable more likely than not. So Albina here was an early, where were they in his employment? They were in the middle of three. They were number two. So is it more, with a simultaneous approach, is it more difficult in your position to sort of show that you weren't more likely than not responsible? Yes. It's totally unworkable because everybody has to come forward with different kinds of evidence. I think as the solicitor's brief points out, there are just a number of barriers that are involved. So what the solicitor is saying is that what the administrative law judge should do is take a look at each one of the employers over time? Not together. Yes. It had been a more simple analysis for the judge, that the judge would start with the most recent employer, and if that employer could not show that there was no exposure, then the analysis would end there. And the most recent employer ---- Is then on the hook. Yes. I see. And we've all lived with that over the years. So now the goalposts have changed. Shifted back. But doesn't that help spread the cost? Well, that wasn't the reason for the last responsible employer rule. The last responsible employer rule was adopted as a rule of convenience, a rule of law of convenience, and it had been held that the cost would be borne equally over a period of time. Okay. So I would argue that it's not a harmless error when, by applying the correct legal standard, Lockheed would have the burden of proving the deceased was not exposed in any fashion to asbestos. When the board first remanded the case after Judge Mapes' first decision and order, they said in their order, in their remand order, in this case, as there is no dispute that Lockheed was the decedent's last employer, it would bear the burden of proving it did not expose the decedent to injurious stimuli in order to escape liability as a responsible employer. And that had been the law for decades in the Ninth Circuit. But instead, when the case was remanded to Judge Mapes, he again found Lockheed responsible, and he took some time in chastising the Benefits Review Board over their first remand order, and he pointed out how they were wrong legally. Now, I don't know what happened then when it went up the second time. Maybe the Benefits Review Board was upset with Judge Mapes because they changed the goalposts and sent it back the second time, and then Judge Berlin got the case. See, we'd argue that it's not harmless error when Lockheed presented no evidence that in the deceased's over two years of employment on its premises that he never would have been exposed to any asbestos. And that was the original burden in the case. The BRB adopted a new set of standards and a new burden, sent it back. That's what we argue is wrong, and the solicitor's office has recognized that its first support of that new set of standards was also wrong. And so you're saying the Old Court was a little bit more thoughtful, and they were more vocal about the New Court's position. So they filed a second mail brief. Okay. Thank you. May it please the Court. With the indulgence of the Court, the director will go first for the response. I think we had indicated perhaps differently. Your Honors, my name is Barry Joyner, and I am here on behalf of the director. The Court asked the director to file a statement of reviews with regard to two issues. First, whether or not the determination of the responsible employer should be made on a sequential versus a simultaneous basis. And second, what was the burden of proof borne by the various employers with respect to that issue. In an occupational disease case under the Longshore Act, once the claimant's entitlement to benefits is clear, and there are multiple employers who may be liable for paying those benefits, the burden or I should say the claimant is no longer part of the case, and it is then the employers who must fight among themselves as to which one is liable. And in the director's view, the proper way to do this is to look at the employer sequentially, beginning with the most recent in time employer. This is fully consistent with the last employer rule, which this Court and other courts have applied for now a number of decades with respect to occupational disease cases. Also, I would point out there's a very important practical aspect to this. An ALJ cannot literally simultaneously look at all the employers at once. He's sort of looking at the evidence. He's got to pick some place to start. Where do I start to look at the evidence? And by doing it sequentially, the ALJ has a clear roadmap to follow in looking at the evidence. Also, the parties have guidance in terms of planning their strategies, and as with the ALJ, the Benefits Review Board would then have a correct understanding of how these cases should be analyzed. There's also another important practical consideration. In a lot of cases, the employment will be spread over a number of years, perhaps decades, and the most recent employer will likely have people who are still alive who can testify as to the relevant evidence. Memories will be fresher, and so you can perhaps get a clearer sense of what happened when you start with the most recent employer. The second issue is the standard of proof. And once the claimant's entitlement is clear, the claimant is essentially out of the case. And this Court's decision in General Ships Services v. Director some years ago teaches that once that happens, the employer bears the burden of persuasion. The employer has to exculpate themselves. And under Section 7C of the Administrative Procedure Act ---- I'm sorry. Just a minute. When you say the employer now, are you just talking about employers generally? Are you talking about the first, the most recent employer or what? Each employer would be looked at in turn, Your Honor, and each one of those would bear the burden of persuasion by a preponderance of the evidence. I know, but if you go sequentially, which is what you think is the right way, right? That's correct. Then the most recent employer has that burden. If it doesn't satisfy that burden, you never move on to the next employer. That would be correct, Your Honor. If the ---- in this case, if Lockheed were unable to exculpate itself, then it would be the responsible employer and you wouldn't go back and look at Albino. Can you stop right here? That's correct. You only go on if that employer is successful. Under Section 7C of the Administrative Procedure Act, as interpreted by the Supreme Court in Greenwich Colliery, it's clear that the party which is the proponent of an order, which is essentially what the employers are once we reach the liability stage, they bear that burden of persuasion by a preponderance of the evidence. Your Honor, the four minutes I have is up. I'll be happy to answer any questions the Court might have. It sounds like, then, you really come down with regard to the decision we have to make on the side of the appellant. We come down to the ---- on the side of the appellant with respect to what the legal standard is. If we don't have a position on whether or not the particular factual findings were correct. All right. That's what we're going to hear. I think we're going to hear the evidence. May it please the Court. I'm Russell Metz. I represent Lockheed Shipbuilding. You watched your time be eaten away by somebody who's arguing against your position, so we understand that. Don't feel constrained to squeeze something in in two minutes because I want to hear what you have to say with regard to why, on both the legal and factual side, why do you think the decision should be sustained? Well, we've argued in our brief that the Benefits Review Board's analysis and standard of simultaneous versus sequential should stand. But I'm not one to fight a swim against a tide, because the director has suggested that that's wrong and it should be sequential, and counsel for the appellant has suggested the same thing. I don't think the board's rule of simultaneous versus sequential raises the horrors that the two parties, other than me, propose. I think with this particular case, what the ALJ did in the last instance was to consider all the evidence against all the parties and determine which was the last of the three to expose the claimant to injurious stimuli, as the cases say, or asbestos in this particular case. It wasn't a problem. I don't know that it can be a problem unless an ALJ takes A, B, and C employers and starts with the furthest in time, employer A, and says, you did not rebut the presumption, therefore you are liable, and then exclude employers B and C. Well, that's not going to happen because there is the last employer rule. That's still on the books. It works well with either analysis, whether it's simultaneous or sequential. But in this particular case, it doesn't make any difference, frankly. There's another related case that was up in front of the Ninth Circuit. It's an unpublished case, Shuhart, where the court considered it harmless error on the part of the ALJ to rule that under the simultaneous provision that such and such an employer was liable. It doesn't make a lot of difference because in this case and in that case, the ALJ considered all the evidence before he made his conclusion that the last employer, Lockheed, was not the last responsible employer. Albina was. This is a harmless error. This is more like a trial management issue from your perspective. You can get to the same question in different ways. And so you think that the ALJ made the proper decision, did in fact look at Lockheed and apply the proper standard, but did it in a sequence where he had everything put to him at once rather than doing it one and then another and then another. But practically you see no difference in those. Exactly. I mean, as a trial matter, each one of these employers is going to come to the same party with the same intentions. They are going to demonstrate, if they can, that they did not expose the plaintiff or the claimant to whatever the injurious stimuli is. It's not like you can just go to one employer at a time and then decide whether or not that employer made its case and then call the other employers back in and try it again. They're all going to be in the same courtroom in front of the same judge at the same time. So why does the evidence show that Lockheed shouldn't be responsible? The first judge, since much time was given to his decisions, Judge Schmaves, as the board said, he conflated two concepts and decided that Lockheed was responsible because it did not rebut the presumption that the claimant was exposed to asbestos. Lockheed, he didn't make a factual determination that the claimant was exposed. He just said he could have been exposed. The board said that you can't do that. That's a liability determination. You skipped a step. What you need to do is deal with the presumption first and then go into determining liability with the standard of proof being more probable than not. In the last instance, that was done. The judge determined that Lockheed did not expose the claimant simply because the claimant never said that he was exposed at Lockheed or its predecessor, which bears a different name. He worked on construction that was dissimilar to what he worked at at Albina and Wisco, the other employer in this case. He wasn't involved in rip out of asbestos materials. He was involved at Lockheed in new construction. There was asbestos on site under the control of a subcontractor limited only to that subcontractor's employees. There is no testimony or there was no testimony that that material was used in the project where the claimant was working while he was employed at Lockheed or its predecessor. There's clear evidence, as the ALJ pointed out, that the claimant testified, for example, through his ñ well, the claimant's widow testified that he told her that he was exposed at other places. He never said that he was exposed at Lockheed. So that is, in essence, the evidence. There was no testimony contrary to that. So ñ So in your view, it's just harmless with respect to the sequential simultaneous legal issues? Correct. It ñ either way, it flows. It was if you decide that sequential is the way we should go, I have no quarrel with that. And I don't have a quarrel with the simultaneous issue either. I know that that can be applied, but I'll respect the Director's point of view that it can be misapplied. I don't necessarily see that happening, but I recognize the possibility does exist. Thank you, Your Honors. No? Please, the Court. I'm Norman Cole. I'm representing WSCO, and I suppose the envious position here is that it is Albina and Lockheed who are primarily fighting. Because this Court may issue a decision that will have some impact on how practitioners deal with last injury rule, I raise the issue of the predicate to getting to this simultaneous or sequential issue. And the point I make is that there ought to be some evidence in the record that a particular employer has exposed the worker to something injurious before that employer has any obligation to prove that no such exposure occurred or that it occurred elsewhere in a subsequent employer. Otherwise ñ Doesn't that comment ñ does that comment address the presumption that we need to have that? No. It has to do with the application of the presumption at the BRB level. They said that the presumption applies to the claim and not to the employer. So that allows the situation where there is very clear, convincing evidence of exposure for employer number one. And employer number one, looking for somebody after them who may be responsible, finds a all these additional employers ought to be adjoined. So let's ñ and the claimant obliges by filing claims. And so here they are. And they have no information about what happened in that employment. Absolutely nothing. Nobody knows anything about it. But yet, under the board's point of view, this ñ this employer is now in the position of having to prove no exposure occurred when there is no evidence of any exposure. So the point is that the claimant ought to have the initial burden of showing some evidence of exposure. If that burden is met, then that employer would have the obligation to prove that no exposure occurred or that subsequent exposure occurred. And whether it's simultaneous or sequential, I argued in favor of simultaneous. But as Mr. Mitz said, I don't ñ as a practical matter, it really doesn't matter. But that obligation ought not to be there unless there is some evidence of exposure to the injurious substance. I assume this is more of a practical observation rather than something that makes an impact in this case. Because in this case, it's best I can tell for all three of these parties, that threshold, which would have to be pretty low, the threshold level would have been met. In this case, there was some evidence of exposure to all three employers. So in that sense, it's harmless error in a sense. But the problem is that the precedent from the ñ the decision from the board stands with this proposition that the Section 20 presumption applies to the claim and not to individual employers. Judge Maitz wanted to apply it to individual employers. That's what got him into trouble with the Benefits Review Board. From the practical standpoint of one who defends any number of employers who may be charged with some sort of occupational disease, there ought to be some minimum standard before that employer has to do anything. What that employer would do probably is seek a motion for summary decision at some point saying there's no evidence of any exposure, so I should be out of here. But if that's a contested fact, then as a preliminary matter, the judge ought to make this ñ make a decision as to whether there is some evidence of exposure with that employer. If that fails, and that's a burden that the claimant must ñ must meet, then that employer should not have the obligation to do anything. Well, we don't have a claimant's counsel here to look out for his interest, but I take it you're just trying to make sure that we don't write something that sets up a standard or jumps over that point that might properly be raised and made as a matter of law in a different context. Yes. I addressed that in our brief. I spoke of this 20 ñ Section 20 presumption applying to the claim versus the employer. And I'm afraid that because that particular aspect of the decision is not really essential to the decision of whether it's Lockheed or Albina because both had some evidence of exposure, that that wouldn't be addressed. And I think it should be because it would be helpful to those who practice in this area of law. Okay. Thank you. Did you wish to say ñ yeah, a minute for rebuttal. You know, we do have the claimant's lawyer here. We saw her here. Okay. What Mr. Cole just said may be true with respect to some evidence, but in this case, the judge found there was some evidence against all three employers, and he especially found evidence against Lockheed. Well, the evidence was not enough, was it? No. He went on. In his second opinion on remand, he expanded what the proof was, what the evidence was. Well, we're reviewing the third opinion, aren't we?  But we're asking you to expand the evidence. I'm going to adopt the second one because setting aside ñ if you set aside the sequential law, then the inquiry would have gone no further. It would have been Lockheed because Lockheed did not come forward to disprove that there was any exposure to asbestos. They did not present evidence that would have exculpated them. And there was evidence that there was exposure there. So I disagree with Lockheed's attorney that it's harmless error because it would have never got to my client or the third employer down the line. Okay. Thank you very much. We appreciate everyone's help on this case and the briefing and whatnot. The matter is submitted. And that ends our session for today.
judges: Tashima, Paez, Clifton